IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00567 HG |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| vs. | ) | |
| | ) | |
| BRANDON C. HALEAMAU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PRELIMINARY ORDER OF FORFEITURE

As a result of his guilty plea to Count 5 of the Indictment, for which the government sought forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1)(A), defendant Brandon C. Haleamau shall forfeit to the United States all of his right, title, and interest in the following property:

1. Three hundred forty-five thousand four hundred twenty-one dollars and seventy cents ($345,421.70) in United States currency, seized on January 28, 2010, from Hawaii State Federal Credit Union Account No. XX842-1 (Investment Savings) held in the name of Brandon C. Haleamau;

2. One silver 2009 Acura TSX 4-door sedan bearing Vehicle Identification Number JH4CU26619C016789 and Hawaii license plate number PYP 034;

3. One grey 2009 Nissan GT-R 2-door coupe bearing Vehicle Identification Number JN1AR54M19M220020 and Hawaii license plate number PWP 795; and

4. One grey 2008 Lexus IS F 4-door sedan bearing Vehicle Identification number JTHBP262985003310 and Hawaii license plate number PWY 719

(hereinafter collectively referred to as the "Subject Properties").

By the Amended Order dated August 1, 2012, the Court determined, based on evidence in the record and presented at a forfeiture hearing held on June 15-16, 2011, that each of the Subject Properties was subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(1)(A), that Defendant had an interest in each of the Subject Properties, and that the government had established the requisite nexus between each of the Subject Properties and the structuring offenses charged in Count 5 of the Indictment. See Doc. No. 95.

Upon the entry of this Order, the Secretary of the Treasury (or a designee) is authorized to seize the Subject Properties, whether held by the Defendant or a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the Secretary of the Treasury (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the Subject Properties in such a manner as the Secretary of the Treasury (or a designee) may direct. The United States may also, to the extent practicable,

provide written notice to any person known to have an alleged interest in the Subject Properties.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Properties may, within thirty (30) days of the final publication of notice or his receipt of direct written notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Properties, and for an amendment of this Order, pursuant to 21 U.S.C. § 853(n), as incorporated by 31 U.S.C. § 5317(c)(1)(B).

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in any of the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the specific Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the specific Subject Properties, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 31 U.S.C. §§ 5317(c)(1)(B), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED: August 1, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


USA v. Brandon C. Haleamau; Cr. No. 10-00567 HG; "Preliminary Order of Forfeiture"